IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LIBERTY MUTUAL INSURANCE     *
COMPANY, as subrogee of
SCHNABEL FOUNDATION     *
COMPANY, INC.
175 Berkeley Street     *
Boston, Massachusetts 02116

    *

       Plaintiff

    *

v.     *

    *

EQUIPMENT CORPORATION
      OF AMERICA     *      Case No.
P.O. Box 306
Corapolis, Pennsylvania 15108     *
    and
6300 Foxley Road     *
Upper Marlboro, Maryland 20772

    *

    and     *

PILECO, INC.     *
111 Berry Road
P.O. Box 16099     *
Houston, Texas 77222

    *

       Defendants     *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### NOTICE OF REMOVAL

Equipment Corporation of America, one of the Defendants, by KARPINSKI,

COLARESI & KARP and DANIEL KARP, its attorneys, and Pileco, Inc., one of the

Defendants, by BRACEWELL & GIULIANI and SHELBY J. KELLEY, its attorneys,

jointly file this Notice of Removal in the above-entitled action pursuant to 28 U.S.C.

§§ 1332, 1441(a), and 1446 from the Superior Court for the District of Columbia and, in support thereof, state as follows:

1.    This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C § 1332, in that Plaintiff is a Massachusetts corporation with its principal place of business in Boston, Massachusetts, Defendant Equipment Corporation of America (hereinafter "ECA") is a Delaware corporation with its principal place of business in Corapolis, Pennsylvania, and Defendant Pileco, Inc. (hereinafter "Pileco") is a Texas corporation with its principal place of business in Houston, Texas. In addition, the amount in controversy exceeds $75,000.

2.    On or about September 4, 2007, Plaintiff filed suit in the Superior Court for the District of Columbia, seeking recovery in an amount of $745,000, plus interest and costs.

3.    ECA was served by certified mail on September 7, 2007, and Pileco was served on or about September 7, 2007. Copies of all process, pleadings, and orders in this case in the Superior Court for the District of Columbia are attached hereto.

4.    This notice of removal has been filed within thirty (30) days of service of process upon ECA and within thirty (30) days of service of process upon Pileco.

5.    Concurrent with the filing of this Notice of Removal, ECA has given written notice, copy attached, to the Plaintiff and to the Clerk for the Superior Court

2

of the District of Columbia that this case has been removed to the United States

District Court for the District of Columbia.

**WHEREFORE**, ECA and Pileco notify all parties that this action has been

removed to the United States District Court for the District of Columbia and that no

further proceedings in this case will be had in the Superior Court for the District of

Columbia.

KARPINSKI, COLARESI & KARP

BY: _____

DANIEL KARP, Bar #424246
120 E. Baltimore Street
Suite 1850
Baltimore, Maryland 21202
(410) 727-5000
Attorneys for Defendant Equipment
Corporation of America

BRACEWELL & GIULIANI

BY: _____

SHELBY J. KELLEY, Bar #464248
2000 K Street, N.W.
Suite 500
Washington, D.C. 20006
(202) 828-5800
Attorneys for Defendant Pileco, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of October, 2007, a copy of the foregoing Notice of Removal was mailed, by first class mail, postage prepaid, to:

Matthew W. Carlson, Esquire
1212 New York Avenue, N.W.
Suite 1000
Washington, D.C.  20005
Attorneys for Plaintiff

_____
Of Counsel for Defendant Equipment
Corporation of America

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Liberty Mutual Insurance Co. | Equipment Corporation of America<br>Pileco, Inc. |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Suffolk Co., Mass.<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY) _____<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF<br>LAND INVOLVED |
|---|---|
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Matthew W. Carlson, 1212 New York Avenue,<br>N.W., Suite 1000, Washington, DC 20005 | ATTORNEYS (IF KNOWN)<br>Daniel Karp, Karpinski, Colaresi & Karp, 120 E.<br>Baltimore Street, Suite 1850, Baltimore, MD 21202<br>Shelby Kelley, Bracewell & Giuliani, 2000 K Street,<br>N.W., Suite 500, Washington, DC 20006 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

◉ 4 Diversity
(Indicate Citizenship of Parties in item III)

○ 3 Federal Question
(U.S. Government Not a Party)

○ 2 U.S. Government Defendant

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ◉ 5 | ◉ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

◉ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☒ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ◉ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Breach of Warranty and Strict Product Liability.  Plaintiff alleges defective Drill Rig caused fire and property damage

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 745,000   Check YES only if demanded in complaint   JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE October 3, 2007    SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.     RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

## In the SUPERIOR COURT for the DISTRICT of COLUMBIA
## CIVIL DIVISION

LIBERTY MUTUAL INSURANCE CO MPANY:          **CIVIL ACTION NO.**
As Subrogee of
SCHNABEL FOUNDATION COMPANY, INC. :
175 Berkeley Street
Boston, MA 021166                                    Calendar J006099-07
                                    *Plaintiff*  :

                                                     Next Event:
          v.                                   :
                                                     Time:
EQUIPMENT CORPORATION
    of AMERICA
P.O. Box 306 Corapolis, PA 15108
    and
6300 Foxley Road
Upper Marlboro, MD 20772

          and

PILECO, INC.
111 Berry Road
P.O. Box 16099
Houston, TX 77222
                                    *Defendants* :

RECEIVED
Civil Clerk's Office
SEP -:4 2007
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT

1.     Plaintiff, Liberty Mutual Insurance Company (hereinafter "Liberty

Mutual") as Subrogee of Schnabel Foundation Company, is an insurance company organized

and existing under the Laws of the Commonwealth of Massachusetts with its principal place of

business at 175 Berkeley Street in Boston, Massachusetts.

1

2.      Plaintiff's insured, Schnabel Foundation Company (hereinafter "Schnabel") is a corporation organized and existing under the laws of the District of Columbia with its principal place of business at 45250 Business Court, Suite 250, Sterling, Virginia 20166.

3.      At all times relevant hereto, Liberty Mutual was duly authorized to issue insurance policies in the District of Columbia and State of Virginia.

4.      At all times relevant hereto, Liberty Mutual provided contractors and developers insurance to its insured, Schnabel, under policy number MI2-131-480919-306, which was in full force and effect on all relevant dates and times hereto.

5.      Thus, upon its payment of certain policy benefits in connection with Schnabel's claim arising from the fire incident described herein, Liberty Mutual became subrogated to certain rights and interests of Schnabel.

6.      Defendant, Equipment Corporation of America, (hereinafter "ECA"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Corapolis, Pennsylvania, and which maintains a place of business at 6300 Foxley Road, Upper Marlboro, Maryland 20772.

7.      Defendant, Pileco, Inc., (hereinafter "Pileco"), is a corporation organized and existing under the laws of the state of Texas, with its principal place of business at 111 Berry Road, P.O. Box 16099, Houston, Texas 77222.

8.      Beginning in or about April of 2005, Schnabel leased from defendant, ECA, a Bauer BG 18 H rotary Drill Rig, serial number 695.

9.      Thereafter, on or about December 19, 2005, Schnabel and defendant, ECA, entered into an agreement for Schnabel to purchase the Bauer Drill Rig from ECA.

2

10.     Defendant, Pileco, is the American distributor for the Bauer Drill Rig, which was manufactured in Germany by Bauer.

11.     On or about December 11, 2006, Schnabel was using the Bauer Drill Rig at a job site located at H Street & 2nd Street NE in the District.

12.     The work crew finished their work for the day and turned off the engine and locked the cab of the Drill Rig.

13.     The Drill Rig was not used on December 12, 2006.

14.     At approximately 3 a.m. on December 13, 2006, it was discovered that the Drill Rig was ablaze.

15.     After the fire was extinguished, it was determined that the Drill Rig sustained substantial damage and was beyond repair, and that it was necessary to clean up a spill of fuel and/or hydraulic fluid from the Drill Rig caused by the fire.

16.     Pursuant to the policy of insurance in effect, Liberty Mutual has made and will make payments to its insured in an amount in excess of $745,000.

17.     Plaintiff Liberty Mutual is legally, equitably and contractually subrogated to the rights of its insured.

**Count I - Breach of Warranty**

18.     Plaintiff incorporates by reference paragraphs one through seventeen as if fully set forth at length.

19.     The lease and sale of the Drill Rig to Schnabel was the lease and sale of goods.

3

20.    Plaintiff Liberty Mutual is a third-party beneficiary of the Lease and Sale Agreements.

21.    The lease or sale of the Drill Rig included the implied warranty of merchantability.

22.    Pursuant to the implied warranty of merchantability, Defendants Pileco and ECA, warranted that the Drill Rig would be of merchantable quality.

23.    Defendants Pileco and ECA breached this warranty by providing to Schnabel goods that were not merchantable, as the Drill Rig contained defects.

24.    The defects in the Drill Rig leased and then sold to plaintiff's insured included:

    a.    the improper installation of the power electrical power cables;

    b.    the absence of strain relief for the electrical power cables;

    c.    the absence of tubular assemblies or other conduits to protect the electrical power cables;

    d.    the improper location of the electrical power cables;

    e.    the installation of electrical power cables in a manner by which they were likely to become damaged;

    f.    the installation of electrical power cables in a manner in violation of accepted industry standards.

25.    As a direct and proximate result of the defects in the Drill Rig, plaintiff sustained damages, including the destruction of the Drill Rig, the costs to clean up the fuel

4

and/or fluid discharged from the Drill Rig during the fire, and costs associated with the delay in completing the project at which Schnabel was using the Drill Rig.

26.     Wherefore, plaintiff, Liberty Mutual Insurance Company as Subrogee of Schnabel Foundation Company, demands judgment against defendants, Equipment Corporation of America and Pileco, Inc., in an amount in excess of $745,000, the costs of this action, prejudgment interest, and such other and further relief as the Court may deem just and appropriate.

## Count II - Strict Products Liability

27.     Plaintiff incorporates by reference paragraphs one through twenty-six as if fully set forth at length.

28.     Defendants, ECA and Pileco, were the lessor and seller of the Drill Rig, and were engaged in the business of selling such products.

29.     Defendants, ECA and Pileco, placed the Drill Rig into the stream of commerce.

30.     The Drill Rig leased and sold by ECA and Pileco was in a defective condition at the time that it was leased and sold.

31.     The defective condition in the Drill Rig at the time that it was leased or sold rendered the Drill Rig unreasonably dangerous to its users and consumers.

32.     The Drill Rig was expected to and did reach the end-user Schnabel without any substantial change from the condition in which it was manufactured and sold.

33.     Plaintiff did not make any substantial changes to the power cables that were defective and caused the fire.

5

34.     As a direct and proximate result of the product defects that were unreasonably dangerous, plaintiff sustained injuries, including the destruction of the Drill Rig, the costs to clean up the fuel discharged from the Drill Rig during the fire, and costs associated with the delay in completing the project at which Schnabel was using the Drill Rig.

35.     Wherefore, plaintiff, Liberty Mutual Insurance Company as Subrogee of Schnabel Foundation Company, demands judgment against defendants, Equipment Corporation of America and Pileco, Inc., in an amount in excess of $745,000, the costs of this action, prejudgment interest, and such other and further relief as the Court may deem just and appropriate.

Respectfully Submitted,

THOMPSON O'DONNELL, LLP

Matthew W. Carlson, Esq., 448905
1212 New York Avenue, N.W.
Suite 1000
Washington, D.C.  20005
(202) 289-1133
(202) 289-0275 (Facsimile)
mwc@tomnh.com

Attorneys for Plaintiff

**Jury Demand**

Plaintiff demands trial by jury of this matter.

Matthew W. Carlson

6



Law Offices
THOMPSON O'DONNELL, LLP
1212 New York Avenue, N.W.
Suite 1000
Washington, D.C. 20005

CERTIFIED MAIL

7006 0100 0002 7773 3894

1510684025 C026

Alfred R. Kern, President
Equipment Corporation of America
1000 Station Street
Coraopolis, PA 15108

US POSTAGE
$05.38
134
0067
3636    WASHINGTON DC
SEP 04 07
20005
PB8741525

SECOND NOTICE
FIRST NOTICE
SEP 7
RETURN

**KARPINSKI, COLARESI & KARP, P. A.**
ATTORNEYS AT LAW
SUITE 1850, 120 EAST BALTIMORE STREET
**BALTIMORE, MARYLAND 21202-1605**

DANIEL KARP *
KEVIN KARPINSKI *
RICHARD T. COLARESI
VICTORIA M. SHEARER *
THOMAS S. BOUCHELLE †
SANDRA D. LEE **
JEFFREY A. BARMACH*

(410) 727-5000
FACSIMILE (410) 727-0861
E-MAIL bkcklaw@aol.com

\* ADMITTED IN MD AND D.C.
† ADMITTED IN MD AND DE
\*\* ADMITTED IN MD AND N.Y.

October 3, 2007

Clerk
Superior Court for the District of Columbia
Civil Division
500 Indiana Avenue, NW
Room JM170
Washington, D.C. 20001

     RE:    327-193
           Civil Action No: 0006099-07
           *Liberty Mutual Insurance Co. v. Equipment Corporation of America*

Dear Clerk:

    Please take notice that this case has been removed to the United States District Court for the District of Columbia in accordance with the attached Notice of Removal, and that no further proceedings will be had in the Superior Court for the District of Columbia.

          Sincerely yours,

          KARPINSKI, COLARESI & KARP

          By:    Daniel Karp

Enclosure

cc:   Matthew W. Carlson, Esquire
      Shelby J. Kelley, Esquire

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE<br>    COMPANY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2007 CA 006099 B |
| v. | ) | |
| | ) | Case Assigned to: Judge Robert E. Morin |
| EQUIPMENT CORPORATION OF | ) | Next Event:    Initial Conference |
| AMERICA and PILECO, INC., | ) |         Dec. 14, 2007, 9:30 a.m. |
| | ) | |
| Defendants. | ) | |
| | ) | |

**RULE 7.1 DISCLOSURE STATEMENT REGARDING**
**CORPORATE AFFILIATIONS**

Defendant Pileco, Inc., pursuant to Local Rule 7.1(a) of the District of Columbia Superior

Court Rules of Civil Procedure, represents that Pileco, Inc. is a wholly-owned subsidiary of

Bauer Machinen GMBH.

Respectfully submitted,


  /s/ Shelby J. Kelley
Shelby J. Kelley
DC Bar No. 464248
Bracewell & Giuliani LLP
2000 K Street, N.W., Suite 500
Washington, DC 20006
(202) 828-5859
(202) 857-2117 (fax)
shelby.kelley@bgllp.com

John H. Barr, *to be admitted pro hac vice*
Texas Bar No. 00783605
Bracewell & Giuliani LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002
(713) 221-1454
(713) 222-3206 (fax)

john.barr@bgllp.com

Dated: September 27, 2007                    *Counsel for Defendant Pileco, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Pileco, Inc.'s Rule 71. Disclosure Statement was served via the Court's electronic filing system or sent via First Class U.S. mail, as indicated, on the 27th of September, 2007 to the following:

Dan Karp
Karpinski, Colaresi & Karp
120 E. Baltimore St., Suite 1850
Baltimore, MD 21202
(*via* Court's electronic filing system)

Mathew W. Carlson
Thompson O'Donnell, LLP
1212 New York Avenue, N.W.
Suite 1000
Washington, DC 20005
(*via* Court's electronic filing system)

Samuel J. Pace, Jr.
Dugan, Brinkmann, Maginnis and Pace
1880 John F. Kennedy Boulevard
14th Floor
Philadelphia, PA 19103
(*via* First Class U.S. mail)

/s/ Shelby J. Kelley
Shelby J. Kelley

**2007 CA 006099 B LIBERTY MUTUAL INSURANCE COMPANY Vs. EQUIPMENT CORPORATION OF AMERICA**

| File Date | 09/04/2007 | Case Status | Open | Case Status Date | 09/04/2007 |
|---|---|---|---|---|---|
| | | Case Disposition | Undisposed | Case Disposition Date | |

## Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) | Attorney Phone |
|---|---|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY | SCHNABEL FOUNDATION COMPANY, INC | PLAINTIFF | CARLSON, Mr MATTHEW W | (202)289-1133 |
| EQUIPMENT CORPORATION OF AMERICA | | Defendant | KARP, Mr DANIEL | (301)727-5000 |
| PILECO, INC | | Defendant | KELLEY, Ms SHELBY J | (202)828-5800 |

## Case Schedule

| Date | Start Time | Event Type | Result |
|---|---|---|---|
| 12/14/2007 | 09:30 AM | Initial Scheduling Conference-60 | |

## Financial Entries

| Receipt # | Date | Received From | | Amount Paid |
|---|---|---|---|---|
| 83848 | 09/14/2007 | CARLSON, Mr MATTHEW W | | 20.00 |
| | **Payment** | | **Fee** | |
| | Receipt Depositor | 20.00 | Cost | 20.00 |
| **Receipt #** | **Date** | **Received From** | | **Amount Paid** |
| 82831 | 09/04/2007 | CARLSON, Mr MATTHEW W | | 120.00 |
| | **Payment** | | **Fee** | |
| | Check | 120.00 | Cost | 120.00 |

## Docket Entries

| Date | Text |
|---|---|
| 09/27/2007 | Rule 7.1 Disclosure Statement Regarding Corporate Affiliations Filed. Submitted 09/27/2007 17:10. ajm Attorney: KELLEY, Ms SHELBY J (464248) PILECO, INC (Defendant); |
| 09/27/2007 | Pileco, Inc.'s Answer to Complaint Filed. Submitted 09/27/2007 17:00. ajm Attorney: KELLEY, Ms SHELBY J (464248) PILECO, INC (Defendant); |
| 09/27/2007 | Answer Presenting Defenses and Counter Claim Filed. Submitted 09/27/2007 12:18. sams. Attorney: KARP, Mr DANIEL (424246) EQUIPMENT CORPORATION OF AMERICA |

(Defendant);

09/13/2007  Motion to Admit Attorney Pro Hac Vice. Filed. Submitted. 09/13/2007 09:23. ncv. Attorney: CARLSON, Mr MATTHEW W (448905) LIBERTY MUTUAL INSURANCE COMPANY (PLAINTIFF); Receipt: 83848 Date: 09/14/2007

09/12/2007  Proof of Service Method : Service Issued Issued : 09/05/2007 Service : Summons Issued Served : 09/07/2007 Return : 09/12/2007 On : EQUIPMENT CORPORATION OF AMERICA Signed By : Reason : Proof of Service Comment : Tracking #: 5000036371

09/12/2007  Affidavit of Service of Summons & Complaint by mail on EQUIPMENT CORPORATION OF AMERICA (Defendant);

09/12/2007  Proof of Service Method : Service Issued Issued : 09/05/2007 Service : Summons Issued Served : 09/07/2007 Return : 09/12/2007 On : PILECO, INC Signed By : Reason : Proof of Service Comment : Tracking #: 5000036372

09/12/2007  Affidavit of Service of Summons & Complaint by mail on PILECO, INC (Defendant);

09/05/2007  Issue Date: 09/05/2007 Service: Summons Issued Method: Service Issued Cost Per: $ EQUIPMENT CORPORATION OF AMERICA PO Box 6300 Foxley Road UPPER MARLBORO, MD 20772 Tracking No: 5000036371 PILECO, INC 111 Berry Road PO Box 16099 HOUSTON, TX 77222 Tracking No: 5000036372

09/04/2007  Event Scheduled Event: Initial Scheduling Conference-60 Date: 12/14/2007 Time: 9:30 am Judge: MORIN, ROBERT E Location: Courtroom 517

09/04/2007  Complaint for Breach of Warranty Filed Receipt: 82831 Date: 09/04/2007

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, as subrogee of SCHNABEL FOUNDATION COMPANY, INC. | * | |
| | * | Civil Action No: 0006099-07 |
| | * | Next Event: Initial Conference 12/14/07 at 9:30 a.m. |
| Plaintiff | * | |
| v. | * | Judge Robert E. Morin |
| | * | |
| EQUIPMENT CORPORATION OF AMERICA, et al. | * | |
| Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER PRESENTING DEFENSES AND COUNTER-CLAIM

Equipment Corporation of America, one of the Defendants, by KARPINSKI, COLARESI & KARP and DANIEL KARP, its attorneys, responds to the Complaint as follows:

## RULE 12 DEFENSES

1. This Honorable Court lacks jurisdiction over all or some of the claims presented.

2. The Complaint fails to state a claim upon which relief may be granted.

## ANSWER

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

8. Defendant admits the allegations contained in Paragraph 6.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

10. Defendant admits the allegations contained in Paragraph 8.

11. Defendant denies the allegations contained in Paragraph 9.

12. Defendant denies the allegations contained in Paragraph 10.

13. Defendant denies the allegations contained in Paragraph 11.

14. Defendant denies the allegations contained in Paragraph 12.

15. Defendant denies the allegations contained in Paragraph 13.

16. Defendant denies the allegations contained in Paragraph 14.

17. Defendant denies the allegations contained in Paragraph 15.

18. Defendant denies the allegations contained in Paragraph 16.

2

19. Defendant denies the allegations contained in Paragraph 17.

20. In response to Paragraph 18, Defendant adopts and incorporates by reference its responses to Paragraphs 1 through 17 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 19.

22. Defendant denies the allegations contained in Paragraph 20.

23. Defendant denies the allegations contained in Paragraph 21.

24. Defendant denies the allegations contained in Paragraph 22.

25. Defendant denies the allegations contained in Paragraph 23.

26. Defendant denies the allegations contained in Paragraph 24.

27. Defendant denies the allegations contained in Paragraph 25.

28. Defendant denies the allegations contained in Paragraph 26.

29. In response to Paragraph 27, Defendant adopts and incorporates by reference its responses to Paragraphs 1 through 26 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 28.

31. Defendant denies the allegations contained in Paragraph 29.

32. Defendant denies the allegations contained in Paragraph 30.

33. Defendant denies the allegations contained in Paragraph 31.

34. Defendant denies the allegations contained in Paragraph 32.

35. Defendant denies the allegations contained in Paragraph 33.

36. Defendant denies the allegations contained in Paragraph 34.

37.  Defendant denies the allegations contained in Paragraph 35.

## AFFIRMATIVE DEFENSES

38.  Plaintiff and its subrogor assumed the risk.

39.  Plaintiff and its subrogor were contributorily negligent.

40.  Plaintiff and its subrogor waived their claims.

41.  Plaintiff and its subrogor are estopped from asserting the claims alleged.

42.  Plaintiff and its subrogor are required to indemnify and defend Defendant Equipment Corporation of America.

## COUNTERCLAIM

43.  By lease agreement dated on or about April 1, 2005, Schnabel Foundation Company, Inc. leased the equipment described in Paragraph 8 of the Complaint from Equipment Corporation of America.

44.  Pursuant to Paragraph 9 of the lease agreement, Schnabel Foundation Company, Inc. agreed to indemnify Equipment Corporation of America against any and all losses, damages, injuries, claims, demands, costs and expenses (including legal expenses) of every kind and nature, arising out of or connected with the use, condition (including without limitation, any defect whether or not discoverable by Schnabel Foundation Company, Inc. or Equipment Corporation of America, any negligence of Equipment Corporation of America by commission or omission, and any strict liability of Equipment Corporation of America) or operation of the

4

equipment at issue.

45.  Pursuant to Paragraphs 8 and 9 of the aforesaid lease, Schnabel Foundation Company, Inc. obtained liability insurance covering Equipment Corporation of America from Liberty Mutual Insurance Company, and Equipment Corporation of America is an additional insured under Liberty Mutual Insurance Company's liability policy issued to Schnabel Foundation Company, Inc.

46.  As alleged in Paragraph 5 of the Complaint, Liberty Mutual Insurance Company is Schnabel Foundation Company, Inc.'s subrogee, and as such has only those rights against Equipment Corporation of America, and no others, which Schnabel Foundation Company, Inc. has against Equipment Corporation of America.  Liberty Mutual Insurance Company, as subrogee, also owes those duties to Equipment Corporation of America as are owed by Schnabel Foundation Company, Inc.

47.  Liberty Mutual Insurance Company, by virtue of the aforementioned lease and as both subrogee and Equipment Corporation of America's liability insurer, is required to indemnify and defend Equipment Corporation of America, or in the alternative, has waived and/or is estopped from asserting the claim set forth in the Complaint against Equipment Corporation of America, and is required to pay Equipment Corporation of America all costs and expenses (including legal expenses) incurred by or on behalf of Equipment Corporation of America in this

5

action.

WHEREFORE, Equipment Corporation of America demands judgment against Liberty Mutual Insurance Company for any and all damages which may be assessed against Equipment Corporation of America and in favor of any other party or future party, together with an additional amount sufficient to pay all costs and expenses (including litigation expenses) incurred by or on behalf of Equipment Corporation of America in connection with this case.

KARPINSKI, COLARESI & KARP

BY:      /s/                        

DANIEL KARP, #424246
Suite 1850
120 E. Baltimore Street
Baltimore, Maryland 21202
(410) 727-5000
Attorney for Defendant Equipment Corporation of America

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27<u>th</u> day of September, 2007, a copy of the foregoing Answer Presenting Defenses was mailed, by first class mail, postage prepaid, to:

Matthew W. Carlson, Esquire
1212 New York Avenue, N.W.
Suite 1000
Washington, D.C.  20005
Attorneys for Plaintiff

PILECO, Inc.
111 Berry Road
P.O. Box 16099
Houston, TX 77222


           /s/
        Of Counsel for Defendant Equipment
        Corporation of America

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

LIBERTY MUTUAL INSURANCE )
  COMPANY, )
   )
  Plaintiff, )
   ) Civil Action No. 2007 CA 006099 B
v. )
   ) Case Assigned to: Judge Robert E. Morin
EQUIPMENT CORPORATION OF ) Next Event: Initial Conference
AMERICA )   Dec. 14, 2007, 9:30 a.m.
   )
  and )
   )
PILECO, INC. )
111 Berry Road )
P.O. Box 16099 )
Houston, TX 77222 )
   )
  Defendants. )
_____)

## PILECO, INC.'S ANSWER TO COMPLAINT

   Defendant, Pileco, Inc. ("Pileco"), by counsel, answers the Complaint filed by Plaintiff,

Liberty Mutual Insurance Company ("Liberty Mutual"), and states as follows:

### ANSWERS TO SPECIFIC ALLEGATIONS IN COMPLAINT

   1.  Pileco does not have sufficient knowledge or information to form a belief as to the

truth of the allegations in Paragraph 1 of the Complaint, and therefore denies them.

   2.  Pileco does not have sufficient knowledge or information to form a belief as to the

truth of the allegations in Paragraph 2 of the Complaint, and therefore denies them.

   3.  Pileco does not have sufficient knowledge or information to form a belief as to the

truth of the allegations in Paragraph 3 of the Complaint, and therefore denies them.

4.    Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and therefore denies them.

5.    Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and therefore denies them.

6.    Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore denies them.

7.    Pileco admits the allegations in Paragraph 7 of the Complaint.

8.    Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and therefore denies them.

9.    Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and therefore denies them.

10.    Pileco denies the allegation in Paragraph 10 of the Complaint that we were the American Distributor for the Bauer Drill Rig involved in this case.  Pileco does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint, and therefore denies them.

11.    Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and therefore denies them.

12.    Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore denies them.

13.     Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and therefore denies them.

14.     Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and therefore denies them.

15.     Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore denies them.

16.     Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore denies them.

17.     The allegations in Paragraph 17 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Pileco denies them.

### Count I – Breach of Warranty

18.     Pileco reasserts and incorporates by reference its responses to the allegations in Paragraphs 1 through 17 of the Complaint as if fully restated herein.

19.     Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and therefore denies them.

20.     The allegations in Paragraph 20 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Pileco denies them.

21.     The allegations in Paragraph 21 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Pileco denies them.

22.    Pileco denies the allegation that it made any warranty in connection with the Drill Rig. Pileco does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Complaint, and therefore denies them.

23.    Pileco denies the allegation that Pileco breached any warranty in connection with the Drill Rig. Pileco further denies the allegations that it provided goods to Schnabel Foundation Company ("Schnabel") of any kind. Pileco does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint, and therefore denies them.

24.    Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and therefore denies them.

25.    Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and therefore denies them.

26.    Pileco denies the allegations in Paragraph 26 of the Complaint. Pileco specifically denies any liability to any party based on the allegations in Count I of the Complaint.

### Count II – Strict Product Liability

27.    Pileco reasserts and incorporates by reference its responses to the allegations in Paragraphs 1 through 26 of the Complaint as if fully restated herein.

28.    Pileco denies the allegation that it was the lessor or seller of the Drill Rig. Pileco admits it is engaged in the business of selling drill rigs such as the Bauer BG 18 H rotary Drill Rig. Pileco does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Complaint, and therefore denies them.

29.     Pileco denies the allegation that it placed the Drill Rig into the stream of commerce. Pileco does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Complaint, and therefore denies them.

30.     Pileco denies the allegation that the Drill Rig was leased and/or sold by Pileco. Pileco does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Complaint, and therefore denies them.

31.     Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and therefore denies them.

32.     Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and therefore denies them.

33.     Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and therefore denies them.

34.     Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and therefore denies them.

35.     Pileco denies the allegations in Paragraph 35 of the Complaint.     Pileco specifically denies any liability to any party based on the allegations in Count II of the Complaint.

36.     Pileco denies each and every allegation in the Complaint not specifically admitted herein.

### FIRST AFFIRMATIVE DEFENSE

The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by Schnabel's negligence.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by Schnabel's failure to properly protect and/or operate the Drill Rig.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by Plaintiff or Schnabel failure to mitigate the alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

Pileco was not the merchant of the Drill Rig, and therefore is not being sued in the proper capacity.

### SIXTH AFFIRMATIVE DEFENSE

Pileco did not make any warranties in connection with the Drill Rig, and did not assume or adopt the manufacturer's implied warranty of merchantability.

### SEVENTH AFFIRMATIVE DEFENSE

Any implied warranty of merchantability by Pileco was excluded, limited, modified or waived.

### EIGHTH AFFIRMATIVE DEFENSE

The theories of implied warranty of merchantability and strict liability constitute only one tort.

## NINTH AFFIRMATIVE DEFENSE

The Drill Rig did not include a defect in the design of the product, or any other defect, which made the product unreasonably dangerous.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages were neither a direct result nor a reasonably probable consequence of a defect or unfitness of the Drill Rig.

## ELEVENTH AFFIRMATIVE DEFENSE

The Drill Rig's alleged defects did not proximately cause the alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by Schnabel's assumption of the risk.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims or damages are barred by Schnabel's contributory negligence.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Drill Rig's alleged defects were caused in whole or in part by Schnabel's modification of the Drill Rig.

## FIFTEENTH AFFIRMATIVE DEFENSE

Pileco reserves the right to amend its Answer and assert additional affirmative defenses as the claims of the Plaintiff are more fully disclosed in the course of discovery in this litigation.

Respectfully submitted,


_____/s/ Shelby J. Kelley_____
Shelby J. Kelley
DC Bar No. 464248
Bracewell & Giuliani LLP
2000 K Street, N.W., Suite 500
Washington, DC 20006
(202) 828-5859
(202) 857-2117 (fax)
shelby.kelley@bgllp.com

John H. Barr, *to be admitted pro hac vice*
Texas Bar No. 00783605
Bracewell & Giuliani LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002
(713) 221-1454
(713) 222-3206 (fax)
john.barr@bgllp.com

Dated: September 27, 2007          *Counsel for Defendant Pileco, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Pileco, Inc.'s Answer to Complaint was served via the Court's electronic filing system or sent via First Class U.S. mail, as indicated, on the 27th of September, 2007 to the following:

Dan Karp
Karpinski, Colaresi & Karp
120 E. Baltimore St., Suite 1850
Baltimore, MD 21202
(*via* Court's electronic filing system)

Mathew W. Carlson
Thompson O'Donnell, LLP
1212 New York Avenue, N.W.
Suite 1000
Washington, DC 20005
(*via* Court's electronic filing system)

Samuel J. Pace, Jr.
Dugan, Brinkmann, Maginnis and Pace
1880 John F. Kennedy Boulevard
14th Floor
Philadelphia, PA 19103
(*via* First Class U.S. mail)

/s/ Shelby J. Kelley
Shelby J. Kelley

DC/230627v1

## CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

| | |
|---|---|
| Liberty Mutual Insurance Company as Subrogee of Schnabel Foundation Company, Inc. | J006099-07 |
| *Plaintiff* | |
| vs. | Civil Action No. _____ |
| Equipment Corporation of America, Inc. | |
| *Defendant* | |

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Matthew W. Carlson, # 448905
Name of Plaintiff's Attorney

1212 New York Ave., N.W., Suite 1000
Address

Washington, D.C. 20005

202-289-1133
Telephone

By _____
Deputy Clerk

Date September 4, 2007

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(f)-406/Rev. 98          NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

| | |
|---|---|
| Liberty Mutual Insurance Company as Subrogee of Schnabel Foundation Company, Inc. | |
| *Plaintiff* | Civil Action No. |
| **VS.** | |
| Pileco, Inc. | |
| *Defendant* | |

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| Matthew W. Carlson, # 448905 | |
| Name of Plaintiff's Attorney | By _____ |
| 1212 New York Ave., N.W., Suite 1000 | Deputy Clerk |
| Address | |
| Washington, D.C. 20005 | |
| 202-289-1133 | Date September 4, 2007 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93    **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LIBERTY MUTUAL INSURANCE COMPANY
    Vs.                                  C.A. No.     2007 CA 006099 B
EQUIPMENT CORPORATION OF AMERICA

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge ROBERT E MORIN
Date:  September 4, 2007
Initial Conference: 9:30 am, Friday, December 14, 2007
Location:  Courtroom 517
             500 Indiana Avenue N.W.
             WASHINGTON, DC 20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III