## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff | | |
| | * | |
| v. | | Case No. 1:07-cv-01788 HHK |
| | * | |
| EQUIPMENT CORPORATION OF AMERICA, et al. | * | |
| | | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| EQUIPMENT CORPORATION OF AMERICA | * |
| 6300 Foxley Road | * |
| Upper Marlboro, Maryland 20772 | |
| | * |
| Third-Party Plaintiff | |
| | * |
| v. | |
| | * |
| SCHNABEL FOUNDATION COMPANY, INC. | * |
| 45250 Business Court, Suite 25 | |
| Sterling, Virginia 20166 | * |
| Serve: | |
| The Corporation Trust Incorporated | * |
| 300 E. Lombard Street | |
| Baltimore, Maryland 21202 | * |
| | |
| and | * |
| | |
| BAUER MASCHINEN GMBH | * |
| Wittelsbacherstrasse 5 | |
| 86529 Schrobenhausen, Germany | * |
| | |
| Third-Party Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIRD-PARTY COMPLAINT**

EQUIPMENT CORPORATION OF AMERICA, one of the Defendants and Third-Party Plaintiff, by KARPINSKI, COLARESI & KARP and DANIEL KARP, its attorneys, sues Third-Party Defendants Schnabel Foundation Company and Bauer Maschinen GmbH as follows:

**THE PARTIES**

1. Plaintiff, Liberty Mutual Insurance Company, subrogee of Schnabel Foundation Company, Inc., is a Massachusetts corporation with its principal place of business at 174 Berkeley Street, Boston, Massachusetts 02116.

2. Equipment Corporation of America, Defendant and Third-Party Plaintiff, is a Delaware corporation with its principal place of business in Coraopolis, Pennsylvania, and which maintains a place of business at 6300 Foxley Road, Upper Marlboro, Maryland 20772.

3. Third-Party Defendant Schnabel Foundation Company is a District of Columbia corporation with its principal place of business at 45250 Business Court, Suite 25, Sterling, Virginia 20166 and having as its registered agent The Corporation Trust Incorporated, 300 E. Lombard Street, Baltimore, Maryland 21202.

4. Third-Party Defendant Bauer Maschinen GmbH is a German corporation with its principal place of business at Wittelsbacherstrasse 5, 86529 Schrobenhausen, Germany.

## JURISDICTION

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## FACTUAL BACKGROUND

6. Plaintiff's insured, Schnabel Foundation Company, entered into a Lease Agreement with Equipment Corporation of America on or about April 1, 2005, for the lease from Equipment Corporation of America of the Bauer BG 18 H rotary Drill Rig described in Paragraph 8 of the Complaint (hereinafter "the Bauer Drill Rig").

7. Equipment Corporation of America was lessor of the Bauer Drill Rig pursuant to an Agency Agreement, dated January 24, 2004, between Equipment Corporation of America and Bauer Maschinen GmbH, which Agency Agreement authorized Equipment Corporation of America to market, sell, and rent certain products manufactured by Bauer Maschinen GmbH, including the Bauer Drill Rig.

8. Bauer Maschinen GmbH manufactured the Bauer Drill Rig, as is stated in Paragraph 10 of the Complaint.

9. Plaintiff alleges that on or about December 13, 2006, a fire occurred in the Bauer Drill Rig.

10. Plaintiff, as subrogee of Schnabel Foundation Company, thereafter sued Equipment Corporation of America and Pileco, Inc., alleging that the Bauer Drill Rig contained defects, was in a defective condition and was unreasonably dangerous, and that its condition caused the fire. Plaintiff claims damages for breach of warranty and strict product liability.

11.     Plaintiff has not alleged that Equipment Corporation of America was in any way at fault through negligence.

### THIRD-PARTY CLAIM AGAINST SCHNABEL FOUNDATION COMPANY FOR INDEMNIFICATION AND/OR CONTRIBUTION

12.     Pursuant to Paragraph 9 of the Lease Agreement between Equipment Corporation of America and Schnabel Foundation Company, Schnabel Foundation Company agreed to indemnify Equipment Corporation of America against any and all losses, damages, injuries, claims, demands, costs and expenses (including legal expense) of every kind and nature, arising out of or connected with the use, condition (including, without limitation, any defect whether or not discoverable by Schnabel Foundation Company or Equipment Corporation of America, any negligence of Equipment Corporation of America by commission or omission, and any strict liability of Equipment Corporation of America) or operation of the equipment at issue.

13.     Schnabel Foundation Company, by virtue of the aforementioned Lease Agreement, is required to indemnify and defend Equipment Corporation of America, and is required to pay Equipment Corporation of America all costs and expenses (including legal expenses) incurred by or on behalf of Equipment Corporation of America in this action.

14.     Pursuant to Paragraph 7 of the Lease Agreement between Equipment Corporation of America and Schnabel Foundation Company, Schnabel Foundation Company agreed to perform routine maintenance at proper times of the Bauer Drill Rig.

15. Plaintiff has alleged that the fire was caused by defects in the Bauer Drill Rig, and in Complaint Paragraph 24 has identified alleged defects in and about the electrical power cables in the Bauer Drill Rig. To the extent the Plaintiff can prove its claims (which Equipment Corporation of America denies), the alleged defects, deficiencies, and other conditions of the Bauer Drill Rig were caused by the negligence of Schnabel Foundation Company by improperly maintaining the Bauer Drill Rig, resulting in damage to such equipment, all without any act or omission of the Third-Party Plaintiff contributing thereto. The property damage and all other damages alleged by the Plaintiff were caused solely and proximately by the breach of contract and negligence of Schnabel Foundation Company in this regard. To the extent the Plaintiff obtains a judgment against Defendant Equipment Corporation of America, said Defendant, as a Third-Party Plaintiff, is entitled to be indemnified against all such losses and damages by Schnabel Foundation Company.

WHEREFORE, Equipment Corporation of America sues Schnabel Foundation Company for indemnification or, in the alternative, contribution with respect to any and all damages which may be assessed against Equipment Corporation of America and in favor of any other party or future party, together with an additional amount sufficient to pay all costs and expenses (including litigation expenses and attorney's fees) incurred by or on behalf of Equipment Corporation of America in connection with this case.

## THIRD-PARTY CLAIM
## AGAINST BAUER MASCHINEN GMBH FOR
## INDEMNIFICATION AND/OR CONTRIBUTION

16. Pursuant to Paragraph 6.7 of the Agency Agreement between Equipment Corporation of America and Bauer Maschinen GmbH, Bauer Maschinen GmbH agreed to indemnify and hold Equipment Corporation of America harmless for all product liability claims involving the equipment at issue.

17. Pursuant to Paragraph 6.8 of the Agency Agreement between Equipment Corporation of America and Bauer Maschinen GmbH, Bauer Maschinen GmbH agreed to hold Equipment Corporation of America harmless in all litigation and lawsuits and disputes arising from Equipment Corporation of America's representation of Bauer Maschinen GmbH, except in cases of gross negligence by Equipment Corporation of America.

18. Bauer Maschinen GmbH, by virtue of the aforementioned Agency Agreement, is required to indemnify and defend Equipment Corporation of America, and is required to pay Equipment Corporation of America all costs and expenses (including litigation expenses) incurred by or on behalf of Equipment Corporation of America in this action.

19. Plaintiff has asserted that the Bauer Drill Rig as constructed suffered from a number of defects. To the extent the Plaintiff can prove its claims (which Equipment Corporation of America denies), the alleged defects, defective conditions, and unreasonably dangerous conditions were caused by the alleged breach of warranty

and/or strict product liability of Bauer Maschinen GmbH, without any act or omission of the Third-Party Plaintiff, Equipment Corporation of America, contributing thereto. The damages alleged by Plaintiff, if proven, were caused solely and proximately by the alleged breach of warranty and strict product liability of Bauer Maschinen GmbH in this regard. To the extent the Plaintiff obtains a judgment against Defendant Equipment Corporation of America, said Defendant, as a Third-Party Plaintiff, is entitled to be indemnified against all such losses and damages by Bauer Maschinen GmbH.

20. Because Bauer Maschinen GmbH was the manufacturer of the Bauer Drill Rig and Equipment Corporation of America was only the lessor and retailer of that piece of equipment, Equipment Corporation of America has a common law, implied right to indemnity from Bauer Maschinen GmbH for the damages allegedly caused by breach of implied warranty of merchantability and by putting the product at issue in the stream of commerce.

21. In the alternative, if Equipment Corporation of America is not entitled to be indemnified by Bauer Maschinen GmbH, then Equipment Corporation of America is entitled to contribution from Bauer Maschinen GmbH in that the breach of warranty and strict product liability of Bauer Maschinen GmbH as alleged above was a proximate cause of any losses or damages sustained by Plaintiff.

WHEREFORE, Equipment Corporation of America sues Bauer Maschinen GmbH for indemnification or, in the alternative, contribution with respect to any and all damages which may be assessed against Equipment Corporation of America and in favor of any other party or future party, together with an additional amount sufficient to pay all costs and expenses (including litigation expenses and attorney's fees) incurred by or on behalf of Equipment Corporation of America in connection with this case.

        KARPINSKI, COLARESI & KARP

BY:    /s/
   DANIEL KARP, Bar #424246
   120 East Baltimore Street
   Suite 1850
   Baltimore, Maryland 21202
   410-727-5000
   Attorneys for Defendant Equipment
   Corporation of America

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of October, 2007, a copy of the foregoing Third-Party Complaint was sent by first-class mail, postage prepaid to:

Matthew W. Carlson, Esquire
1212 New York Avenue, N.W.
Suite 1000
Washington, D.C. 20005
Attorneys for Plaintiff

Shelby J. Kelley, Esquire
Bracewell & Giuliani, LLP
2000 K Street NW
Suite 500
Washington, DC 20006
Attorneys for Pileco, Inc.

_____/s/_____
Of Counsel for Defendant Equipment Corporation of America