**In the SUPERIOR COURT for the DISTRICT of COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **LIBERTY MUTUAL INSURANCE COMPANY**, as subrogee of **SCHNABLE FOUNDATION COMPANY, INC.** | : : : | Civil Action No: 0006099-07 |
| Plaintiff | : : | Next Event: Initial Conference 12/14/07 at 9:30 a.m. |
| v. | : | |
| **EQUIPMENT CORPORATION of AMERICA, et al.** | : : | Judge Robert E. Morin |
| Defendants | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
THIRD-PARTY DEFENDANT, LIBERTY MUTUAL
INSURANCE COMPANY, TO THIRD PARTY COMPLAINT OF
EQUIPMENT CORPORATION OF AMERICA**

1. Admitted.

2. Admitted on information and belief.

3. Admitted.

4. Admitted on information and belief.

5. Admitted.

6. It is admitted only that Schnabel Foundation Company, Inc. (hereinafter "Schnabel") leased the Bauer Drill Rig from Equipment Corporation of America.

7. Denied as beyond the knowledge of Schnabel Foundation.

8. Denied as beyond the knowledge of Schnabel Foundation.

9. - 10. Admitted.

11.        Denied as stated. The pleadings speak for themselves.

12. - 15.        Denied. It is specifically denied that the denied that the Lease Agreement referred to by Equipment Corporation of America was applicable or in existence on the day of the fire of December 13, 2006 which is the subject of this lawsuit. To the contrary, at the time of the fire, the subject Drill Rig was owned by Schnabel, and the Lease was void.

As a result, all of the averments contained in paragraphs 12 through 15 of the Third-Party Complaint are without legal basis and are denied.

16. - 21.        Denied as stated. These averments are directed at a party other than Schnabel and are beyond the knowledge of Schnabel.

WHEREFORE, Additional Defendant Schnabel demands judgment against Third-Party Plaintiff Equipment Corporation of America including the cost of this action and such other and further relief as the Court may deem just and appropriate.

## AFFIRMATIVE DEFENSES

22.        The Lease between Schnabel and Equipment Corporation of America ("ECA") was terminated prior to the date that the damage was sustained to the subject Drill Rig.

23.        The duty of good faith and fair dealing implied into the Lease Agreement requires that all obligations be determined pursuant to the Standard of Commercial Reasonableness.

24.        ECA's contention that the sale of the Drill Rig did not serve to terminate the Lease is commercially unreasonable.

25.        ECA's contention that the sale of the Drill Rig did not terminate the Lease is a breach of the duty of good faith and fair dealing.

26.        Based upon the breach of the standard of Commercial Reasonableness and the duty of good faith and fair dealing, Schnabel had no obligations pursuant to the Lease.

27.	A sale of the Drill Rig by ECA to Schnabel estops ECA from relying upon the terms of the Lease.

28.	By selling the Drill Rigg to Schnabel, ECA waived all terms and conditions of the Lease.

29.	The sale of Drill Rigg to Schnabel renders the Lease null and void because the existence of the Lease became legally impossible.

WHEREFORE, Additional Defendant Schnabel demands judgment against Third-Party Plaintiff Equipment Corporation of America including the cost of this action and such other and further relief as the Court may deem just and appropriate.

Dugan, Brinkmann, Maginnis and Pace

　/s/ Samuel J. Pace, Jr. /s/
Samuel J. Pace, Jr., Esquire
Suite 1400
1880 JFK Boulevard
Philadelphia, PA  19103
215-563-3500 (tel)   215-563-5610 (fax)
Attorney for Plaintiff

　/s/ Matthew W. Carlson /s/
Matthew W. Carlson, Esquire
1212 New York Avenue, N.W.
Suite 1000
Washington, DC  20005
(202) 289-1133 (tel)   202-289-0275 (fax)
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Samuel J. Pace, Jr., Esquire, attorney for Third-Party Defendant, do hereby certify the foregoing Response to Third-Party Complaint was served upon counsel for Third-Party Plaintiff and All Defendants by first-class mail, postage prepaid this 20th day of December, addressed as follows:

>Matthew W. Carlson, Esquire
>***Thompson O'Donnell, LLP***
>1212 New York Avenue NW, Suite 1000
>Washington, DC   20005

>Daniel Karp, Esquire
>120 E. Baltimore Street
>Baltimore, MD   21202

>Shelby J. Kelley, Esquire
>Karpinski, Colaresi & Karp
>2000 K Street NW, Suite 500
>Washington, D.C.   20006

_____/s/ Samuel J. Pace, Jr., Esquire_____
Samuel J. Pace, Jr., Esquire

Case 1:07-cv-01788-HHK    Document 13    Filed 12/20/2007    Page 5 of 5