THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) Case No. 1:07-cv-01788 HHK |
| v. | )<br>)<br>) |
| EQUIPMENT CORPORATION OF AMERICA, ET AL., | )<br>)<br>) |
| Defendants. | )<br>) |
| EQUIPMENT CORPORATION OF AMERICA, | )<br>)<br>) |
| Third-Party Plaintiff, | )<br>) |
| v. | )<br>)<br>) |
| SCHNABEL FOUNDATION COMPANY, INC. | )<br>)<br>) |
| and | )<br>) |
| BAUER MASCHINEN GMBH<br>Wittelsbacherstrasse 5<br>86529 Schrobenhausen, Germany | )<br>)<br>)<br>) |
| Third-Party Defendants. | )<br>) |

**ANSWER AND AFFIRMATIVE DEFENSES OF BAUER MASCHINEN GMBH TO THIRD-PARTY COMPLAINT OF EQUIPMENT CORPORATION OF AMERICA**

Third-Party Defendant, Bauer Maschinen GmbH ("Bauer"), by counsel, answers the Third-Party Complaint filed by Third-Party Plaintiff, Equipment Corporation of America ("Equipment Corporation"), and states as follows:

## ANSWERS TO SPECIFIC ALLEGATIONS IN THIRD-PARTY COMPLAINT

1. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Third-Party Complaint, and therefore denies them.

2. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Third-Party Complaint, and therefore denies them.

3. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Third-Party Complaint, and therefore denies them.

4. Bauer admits that it is a German corporation with its principal place of business at Wittelsbacherstrasse 5, 86529 Schrobenhausen, Germany. Bauer denies that Equipment Corporation's service of the third-party summons, third-party complaint and related documents on George Smith at Pileco, Inc., 111 Berry Road, Houston, Texas 77222 constituted valid, effective service under Fed.R.Civ.P. 4.

5. The allegations in Paragraph 5 of the Third-Party Complaint are legal conclusions to which no response is required. To the extent a response is required, Bauer denies them.

6. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Third-Party Paragraph 6 of the Complaint, and therefore denies them.

7. Bauer admits that it is party to an Agency Agreement, dated on or about January 13, 2004, with Equipment Corporation. Bauer admits that the Agency Agreement authorizes Equipment Corporation to market, sell and rent certain products manufactured by Bauer. Bauer admits that Equipment Corporation was authorized to market, sell and rent the Bauer Drill Rig.

Bauer does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Third-Party Complaint, and therefore denies them.

8.  Bauer admits that it manufactured the Bauer Drill Rig described in Paragraph 10 of the Complaint. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Third-Party Complaint, and therefore denies them.

9.  Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Third-Party Complaint, and therefore denies them.

10. To the extent Third-Party Plaintiff accurately describes the Complaint, Bauer admits that Plaintiff sued Equipment Corporation as alleged in Paragraph 10 of the Third-Party Complaint, but states that the best evidence of the content of Plaintiff's Complaint is the document itself. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Third-Party Complaint, and therefore denies them.

11. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Third-Party Complaint, and therefore denies them.

**THIRD-PARTY CLAIM AGAINST
SCHNABEL FOUNDATION COMPANY FOR
INDEMNIFICATION AND/OR CONTRIBUTION**

12. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Third-Party Complaint, and therefore denies them.

13.     Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Third-Party Complaint, and therefore denies them.

14.     Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Third-Party Complaint, and therefore denies them.

15.     Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Third-Party Complaint, and therefore denies them.

**THIRD-PARTY CLAIM
AGAINST BAUER MASCHINEN GMBH FOR
INDEMNIFICATION AND/OR CONTRIBUTION**

16.     Bauer states that the best evidence of the language and effect of Paragraph 6.7 of the Agency Agreement is the document itself.  Paragraph 6.7 of the Agency Agreement states as follows:

> 6.7     Bauer shall maintain product liability insurance in the Territory with commercially reasonable terms.  Bauer shall indemnify and hold [Equipment Corporation] harmless for all product liability claims involving the Product.

Bauer denies any remaining allegations in Paragraph 16 of the Third-Party Complaint.

17.     Bauer states that the best evidence of the language and effect of Paragraph 6.8 of the Agency Agreement is the document itself.  Paragraph 6.8 of the Agency Agreement states as follows:

> 6.8     Bauer shall hold [Equipment Corporation] harmless in all litigation and lawsuits and disputes arising from [Equipment Corporation]'s representation of Bauer, except in cases of gross negligence by [Equipment Corporation].

Bauer denies any remaining allegations in Paragraph 17 of the Third-Party Complaint.

18. Denied.

19. To the extent Third-Party Plaintiff describes the allegations in the Complaint, Bauer states that the best evidence of the content of Plaintiff's Complaint is the document itself. Bauer denies the remaining allegations in Paragraph 19 of the Third-Party Complaint.

20. Bauer admits the allegation in Paragraph 20 that it was the manufacturer of the Bauer Drill Rig. Bauer denies the remaining allegations in Paragraph 20 of the Third-Party Complaint. Bauer specifically denies any liability to any party based on the allegations of the Third-Party Complaint.

21. Bauer denies the allegations in Paragraph 21 of the Third-Party Complaint. Pileco specifically denies any liability to any party based on the allegations of the Third-Party Complaint.

22. Bauer denies each and every allegation in the Third-Party Complaint not specifically admitted herein.

**FIRST AFFIRMATIVE DEFENSE**

Under Paragraph 10.1 of the Agency Agreement, the Agency Agreement is subject to, and must be interpreted in accordance with, the law of the Federal Republic of Germany.

**SECOND AFFIRMATIVE DEFENSE**

Third-Party Plaintiff's claims and/or recovery are barred because Third-Party Plaintiff failed to follow the dispute resolution procedures set forth in Paragraph 11 of the Agency Agreement. Bauer specifically asserts and does not waive its right to demand arbitration to resolve any claims set forth in the Third-Party Complaint, to stay the adjudication of the Third-

Party Complaint as against Bauer, and/or to demand arbitration as to any current or future dispute with Equipment Corporation arising from the Agency Agreement.

### THIRD AFFIRMATIVE DEFENSE

The Third-Party Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Some or all Third-Party Plaintiff's claims are barred by Schnabel's negligence.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of Third-Party Plaintiff's claims are barred by Schnabel's failure to properly protect and/or operate the Drill Rig.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of Third-Party Plaintiff's claims are barred by Plaintiff or Schnabel's failure to mitigate the alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

The Drill Rig did not include a defect in the design of the product, or any other defect, which made the product unreasonably dangerous.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's and Third-Party Plaintiff's damages were neither a direct result nor a reasonably probable consequence of a defect or unfitness of the Drill Rig.

### NINTH AFFIRMATIVE DEFENSE

The Drill Rig's alleged defects did not proximately cause the alleged damages.

### TENTH AFFIRMATIVE DEFENSE

Some or all of Third-Party Plaintiff's claims are barred by Schnabel's assumption of the risk.

**ELEVENTH AFFIRMATIVE DEFENSE**

Some or all of Third-Party Plaintiff's claims or damages are barred by Schnabel's contributory negligence.

**TWELFTH AFFIRMATIVE DEFENSE**

The Drill Rig's alleged defects were caused in whole or in part by Schnabel's modification of the Drill Rig or by modification of the Drill Rig by parties other than Bauer.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Some or all of Third-Party Plaintiff's claims are barred due to Equipment Corporation's failure to provide sufficient service for the Drill Rig as required by Paragraph 7.3 of the Agency Agreement.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The theories of implied warranty of merchantability and strict liability constitute only one tort.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Agency Agreement does not require Bauer to indemnify or defend Third-Party Plaintiff against the claims asserted by Plaintiff in its Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Under the relevant law of the Federal Republic of Germany, Bauer is not obligated to indemnify or defend Third-Party Plaintiff against the claims asserted by Plaintiff in its Complaint.

## **SEVENTEENTH AFFIRMATIVE DEFENSE**

Bauer reserves the right to amend its Answer and assert additional affirmative defenses as the claims of the Third-Party Plaintiff are more fully disclosed in the course of discovery in this litigation.

WHEREFORE, Third-Party Defendant Bauer Maschinen GmbH demands judgment dismissing the Third-Party Complaint in its entirety, and such other relief the Court finds just and proper.

Respectfully submitted,

   /s/ Shelby J. Kelley
Shelby J. Kelley
DC Bar No. 464248
Bracewell & Giuliani LLP
2000 K Street, N.W., Suite 500
Washington, DC 20006
(202) 828-5859
(202) 857-2117 (fax)
shelby.kelley@bgllp.com

John H. Barr, Jr., *to be admitted pro hac vice*
Texas Bar No. 00783605
Bracewell & Giuliani LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002
(713) 221-1454
(713) 222-3206 (fax)
john.barr@bgllp.com

Dated: January 31, 2008                *Counsel for Bauer Maschinen GmbH*

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of Bauer Maschinen GmbH 's Answer and Affirmative Defenses to the Third-Party Complaint was served via the Court's electronic filing system or sent via First Class U.S. mail, as indicated, on the 31st January, 2008 to the following:

Dan Karp
Karpinski, Colaresi & Karp
120 E. Baltimore St., Suite 1850
Baltimore, MD 21202
(*via* Court's electronic filing system)

Mathew W. Carlson
Thompson O'Donnell, LLP
1212 New York Avenue, N.W.
Suite 1000
Washington, DC 20005
(*via* Court's electronic filing system)

Samuel J. Pace, Jr.
Dugan, Brinkmann, Maginnis and Pace
1880 John F. Kennedy Boulevard
14th Floor
Philadelphia, PA 19103
(*via* First Class U.S. mail)

                                                                /s/ Shelby J. Kelley
                                                                Shelby J. Kelley

DC/234552v1