IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY a/s/o SCHNABEL FOUNDATION COMPANY, INC.,<br>    Plaintiff | : | | |
| v. | : | Case Number: | 1:07-CV-01788 |
| EQUIPMENT CORPORATION OF AMERICA, et al.<br>    Defendants | : | | |

*****************************************************

| | |
|---|---|
| EQUIPMENT CORPORATION OF AMERICA<br>    Third-Party Plaintiff | : |
| v. | : |
| SCHNABEL FOUNDATION COMPANY, INC. | : |
| and | : |
| BAUER MASCHINEN GMBH,<br>    Third-Party Defendants. | : |

**AMENDED COMPLAINT OF PLAINTIFF,
LIBERTY MUTUAL INSURANCE COMPANY
a/s/o SCHNABEL FOUNDATION COMPANY, INC.
ADDING CLAIMS AGINST THIRD-PARTY DEFENDANT
<u>BAUER MASCHINEN GMBH</u>**

    1.    Plaintiff, Liberty Mutual Insurance Company, (hereinafter "Liberty Mutual") as subrogee of Schnabel Foundation Company, is an insurance company orgainiezed and existing under the laws of the Commonwealth of Massachusetts with its principal place of business at 175 Berkeley Street in Boston, Massachusetts.

2. Plaintiff's insured, Schnabel Foundation Company, (hereinafter "Schnable") is a corporation organized an existing under the laws of the District of Columbia with its principal place of business at 45250 Business Court, Suite 250, Sterling, Virginia 20166.

3. At all times relevant hereto, Liberty Mutual was duly authorized to issue insurance policies in the District of Columbia and State of Virginia.

4. At all times relevant hereto, Liberty Mutual provided contractors and developers insurance to its insured, Schnabel, under policy number M12-131-480919-306, which was in full force and effect on all relevant dates and times hereto.

5. Thus, upon its payment of certain policy benefits in connection with Schnabel's claim arising from the fire incident described herein, Liberty Mutual became subrogated to certain rights and interests of Schnabel.

6. Defendant, Equipment Corporation of America (hereinafter, "ECA"), is a corporation organized and existing under the laws of the State of Dealware with its principal place of business located in Corapolis, Pennsylvania, and which maintains a place of business at 6300 Foxley Road, Upper Marlboro, Maryland, 20772.

7. Defendant, Pileco, Inc. (hereinafter, "Pileco"), is a corporation organized and existing under the laws of the state of Texas, with its principal place of business at 111 Berry Road, P.O. Box 16099, Houston, Texas 77222.

8. Begining in or about April of 2005, Schnabel leased from defendant, ECA, a Bauer BG 18H Rotary Drill Rig, serial number 695.

9. Thereafter, on or about December 19, 2005, Schnabel and defendant, ECA, entered into an agreement for Schnabel to purchase the Bauer Dril Rig from ECA.

10. Defendant, Pileco, is the American distributor for the Bauer Drill Rig, which was manufactured in Germany by Bauer.

11. On or about December 11, 2006, Schnabel was using the Bauer Drill Rig at a job site located at H Street and 2nd Street NE in the District.

12. The work crew finished their work for the day and turned off the engine and locked the cab of the Drill Rig.

13. The Drill Rig was not used on December 12, 2006.

14. At approximately 3 a.m. on December 13, 2006, it was discovered that the Drill Rig was ablaze.

15. After the fire was extinguished, it was deterimed that the Drill Rig sustained substantial damage and was beyond repair, and that it was necessary to clean up a spill of fuel and/or hydraulic fluid from the Drill Rig caused by the fire.

16. Pursuant to the policy of insurance in effect, Liberty Mutual has made and will make payments to its insured in an amount in excess of $745,000.

17. Plaintiff Liberty Mutual is legally, equitably and contractually subrogated to the rights of its insured.

## COUNT I - BREACH OF WARRANTY

18. Plaintiff incorporates by reference paragraphs one through seventeen above as though fully set forth herein at length.

19. The lease and sale of the Drill Rig to Schnabel was the lease and sale of goods.

20. Plaintiff Liberty Mutual is a third-party beneficiary of the Lease and Sale Agreements.

21. The lease or sale of the Drill Rig included the implied warranty of merchantability.

22. Pursuant to the implied warranty of merchantability, Defendant Pileco and ECA warranted that the Drill Rig would be of merchantable quality.

23. Defendants Pileco and ECA breached this warranty by providing to Schnabel goods that were not merchantable, as the Drill Rig contained defects.

24. The defects in the Drill Rig leased and then sold to plaintiff's insured included:

    a. the improper installation of the electrical power cables;

    b. the absence of strain relief for the electrical power cables;

    c. the absence of tubular assemblies or other conduits to protect the electrical power cables;

    d. the improper location of the electrical power cables;

    e. the installation of electrical power cables in a manner by which they were likely to become damaged;

    f. the installation of electrical power cables in a manner in violation of accepted industry standards.

25. As a direct and proximate result of the defects in the Drill Rig, plaintiff sustained damages, including the destruction of the Drill Rig, the costs to clean up the fuel and/or fluid discharged from the Drill Rig during the fire, and costs associated with the delay in completing the project at which Schnabel was using the Drill Rig.

26. Wherefore, plaintiff, Liberty Mutual Innsurance Company as Subrogee of Schnabel Foundation Company, demands judgment against defendant in an amount in excess of $7456,000, the costs of this action, prejudgment interest, and such other and further relief as the Court may deem just and appropriate.

## COUNT II - STRICT PRODUCTS LIABILITY

27. Plaintiff incorporates by reference paragraphs one htrough twenty-six above as though fully set forth herein at length.

28. Defendants, ECA and Pileco, were the lessor and seller of the Drill Rig, and were engaged in the business of selling such products.

29. Defendants, ECA and Pileco, placed the Drill Rig into the stream of commerce.

30. The Drill Rig leased and sold by ECA and Pileco was in a defective condition at the time that it was leased and sold.

31. The defective condition in the Drill rig at the time that it was leased or sold rendered the Drill Rig unreasonably dangerous to its users and consumers.

32. The Drill Rig was expected to and did reach the end-user Schnabel without any substantial change from the condition in which it was manufactured and sold.

33. Plaintiff did not make any substantial changes to the power cables that were defective and caused the fire.

34. As a direct and proximate result of the product defects that were unreasonably dangerous, plaintiff sustained damages, including the destruction of the Drill Rig, the costs to clean up the fuel or fluid discharged from the Drill Rig during th fire, and costs associated with the delay incompleteing the project at which Schnabel was using the Drill Rig.

35. Wherefore, plaintiff, Liberty Mutual Insurance Company as Subrogee of Schnabel Foundation Company, demands judgment against defendatns in an amount in excess of $745,000, the costs of this action, prejudgment interest, and such other and further relief as the Court may deem just and appropriate.

## COUNT III - PLAINTIFF v. BAUER MASCHINEN GMBH

36. Plaintiff incorporates by reference paragraphs one through thirty-five above as though fully set forth herein at length.

37. On or about October 12, 2007, defendant Equipment Corporation of America filed a Third Party Complaint against Bauer Maschinen GMBH.

38. Pursuant to FRCP 10(c), plaintiff incorporates by reference, in its entirety, the Third-Party Complaint of defendant Equipment Corporation of America against third party defendant, Bauer Maschinen GMBH.

39. If the allegations of the Third-Party Complaint of Equipment Corporation of America are true, then third party defendant Bauer Maschinen GMBH is liable to the plaitniff for plaintiff's damages.

40. Wherefore, plaintiff, Liberty Mutual Insurance Company as Subrogee of Schnabel Foundation Company, demands judgment against defendatns in an amount in excess of $745,000, the costs of this action, prejudgment interest, and such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

DUGAN, BRINKMANN, MAGINNIS AND PACE

BY: _____
SAMUEL J. PACE, JR., ESQ.
1880 John F. Kennedy Boulevard
Suite 1400
Philadelphia, PA  19103
Ph: 215-563-3500
Fx: 215-563-5610

<u>Local Counsel:</u>

Matthew W. Carlson, Esq.
1212 New York AVenue, N.W.
Suite 1000
Washington, DC  20005
Ph: 202-289-1133
Fx: 202-289-0275

Dated: April 2, 2008