THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 1:07-cv-01788 HHK |
| v. | ) ) ) |
| EQUIPMENT CORPORATION OF AMERICA, ET AL., | ) ) ) |
| Defendants. | ) ) |
| EQUIPMENT CORPORATION OF AMERICA, | ) ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| SCHNABEL FOUNDATION COMPANY, INC. | ) ) ) |
| and | ) ) |
| BAUER MASCHINEN GMBH | ) ) |
| Third-Party Defendants. | ) ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF PILECO, INC. TO AMENDED COMPLAINT OF LIBERTY MUTUAL INSURANCE COMPANY a/s/o SCHNABEL <u>FOUNDATION COMPANY, INC.</u>**

Defendant, Pileco, Inc. ("Pileco"), by counsel, answers the Amended Complaint filed by Plaintiff, Liberty Mutual Insurance Company ("Liberty Mutual") as subrogee of Schnabel Foundation Company ("Schnabel"), and states as follows:

-2-

**ANSWERS TO SPECIFIC ALLEGATIONS IN AMENDED COMPLAINT**

1. Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Amended Complaint, and therefore denies them.

2. Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Amended Complaint, and therefore denies them.

3. Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Amended Complaint, and therefore denies them.

4. Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Amended Complaint, and therefore denies them.

5. Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the Amended Complaint, and therefore denies them.

6. Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Amended Complaint, and therefore denies them.

7. Pileco admits the allegations in Paragraph 7 of the Amended Complaint.

8. Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Amended Complaint, and therefore denies them.

9. Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Amended Complaint, and therefore denies them.

10. Pileco denies the allegation in Paragraph 10 of the Amended Complaint that we were the American Distributor for the Bauer Drill Rig involved in this case. Pileco does not

-3-

have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Amended Complaint, and therefore denies them.

11. Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Amended Complaint, and therefore denies them.

12. Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Amended Complaint, and therefore denies them.

13. Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Amended Complaint, and therefore denies them.

14. Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Amended Complaint, and therefore denies them.

15. Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Amended Complaint, and therefore denies them.

16. Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Amended Complaint, and therefore denies them.

17. The allegations in Paragraph 17 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Pileco denies them.

## Count I – Breach of Warranty

18.     Pileco reasserts and incorporates by reference its responses to the allegations in Paragraphs 1 through 17 of the Amended Complaint as if fully restated herein.

19.     Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint, and therefore denies them.

20.     The allegations in Paragraph 20 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Pileco denies them.

21.     The allegations in Paragraph 21 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Pileco denies them.

22.     Pileco denies the allegation that it made any warranty in connection with the Drill Rig.  Pileco does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Amended Complaint, and therefore denies them.

23.     Pileco denies the allegation that Pileco breached any warranty in connection with the Drill Rig.  Pileco further denies the allegations that it provided goods to Schnabel of any kind.  Pileco does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Amended Complaint, and therefore denies them.

24.     Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of the Amended Complaint, and therefore denies them.

25.     Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 of the Amended Complaint, and therefore denies them.

26.    Pileco denies the allegations in Paragraph 26 of the Amended Complaint. Pileco specifically denies any liability to any party based on the allegations in Count I of the Amended Complaint.

## Count II – Strict Product Liability

27.    Pileco reasserts and incorporates by reference its responses to the allegations in Paragraphs 1 through 26 of the Amended Complaint as if fully restated herein.

28.    Pileco denies the allegation that it was the lessor or seller of the Drill Rig. Pileco admits it is engaged in the business of selling drill rigs such as the Bauer BG 18 H rotary Drill Rig. Pileco does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Amended Complaint, and therefore denies them.

29.    Pileco denies the allegation that it placed the Drill Rig into the stream of commerce. Pileco does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Amended Complaint, and therefore denies them.

30.    Pileco denies the allegation that the Drill Rig was leased and/or sold by Pileco. Pileco does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Amended Complaint, and therefore denies them.

31.    Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 of the Amended Complaint, and therefore denies them.

32.    Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 of the Amended Complaint, and therefore denies them.

33. Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 of the Amended Complaint, and therefore denies them.

34. Pileco does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 of the Amended Complaint, and therefore denies them.

35. Pileco denies the allegations in Paragraph 35 of the Amended Complaint. Pileco specifically denies any liability to any party based on the allegations in Count II of the Amended Complaint.

## Count III – Strict Product Liability

36. Pileco reasserts and incorporates by reference its responses to the allegations in Paragraphs 1 through 35 of the Amended Complaint as if fully restated herein.

37. Pileco admits the allegations in Paragraph 37 of the Amended Complaint.

38. The allegations in Paragraph 38 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Pileco denies them.

39. The allegations in Paragraph 39 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Pileco denies them.

40. Pileco denies the allegations in Paragraph 40 of the Amended Complaint. Pileco specifically denies any liability to any party based on the allegations in Count III of the Amended Complaint.

41. Pileco denies each and every allegation in the Amended Complaint not specifically admitted herein.

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by Schnabel's negligence.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by Schnabel's failure to properly protect and/or operate the Drill Rig.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by Plaintiff or Schnabel failure to mitigate the alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

Pileco was not the merchant of the Drill Rig, and therefore is not being sued in the proper capacity.

### SIXTH AFFIRMATIVE DEFENSE

Pileco did not make any warranties in connection with the Drill Rig, and did not assume or adopt the manufacturer's implied warranty of merchantability.

### SEVENTH AFFIRMATIVE DEFENSE

Any implied warranty of merchantability by Pileco was excluded, limited, modified or waived.

### EIGHTH AFFIRMATIVE DEFENSE

The theories of implied warranty of merchantability and strict liability constitute only one tort.

## NINTH AFFIRMATIVE DEFENSE

The Drill Rig did not include a defect in the design of the product, or any other defect, which made the product unreasonably dangerous.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages were neither a direct result nor a reasonably probable consequence of a defect or unfitness of the Drill Rig.

## ELEVENTH AFFIRMATIVE DEFENSE

The Drill Rig's alleged defects did not proximately cause the alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by Schnabel's assumption of the risk.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims or damages are barred by Schnabel's contributory negligence.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Drill Rig's alleged defects were caused in whole or in part by Schnabel's modification of the Drill Rig.

## FIFTEENTH AFFIRMATIVE DEFENSE

Pileco reserves the right to amend its Answer and assert additional affirmative defenses as the claims of the Plaintiff are more fully disclosed in the course of discovery in this litigation.

Respectfully submitted,

___/s/ Shelby J. Kelley_____
Shelby J. Kelley
DC Bar No. 464248
Bracewell & Giuliani LLP
2000 K Street, N.W., Suite 500
Washington, DC 20006
(202) 828-5859
(202) 857-2117 (fax)
shelby.kelley@bgllp.com

John H. Barr, *to be admitted pro hac vice*
Texas Bar No. 00783605
Bracewell & Giuliani LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002
(713) 221-1454
(713) 222-3206 (fax)
john.barr@bgllp.com

Dated: April 22, 2008                *Counsel for Defendant Pileco, Inc.*


## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of Pileco, Inc.'s Answer to the Amended Complaint was served via the Court's electronic filing system or sent via First Class U.S. mail, as indicated, on the 22nd of April, 2008 to the following:

Dan Karp
Sandra D. Lee
Karpinski, Colaresi & Karp
120 E. Baltimore St., Suite 1850
Baltimore, MD 21202
(*via* Court's electronic filing system)

Mathew W. Carlson
Thompson O'Donnell, LLP
1212 New York Avenue, N.W.
Suite 1000
Washington, DC 20005
(*via* Court's electronic filing system)

Samuel J. Pace, Jr.
Dugan, Brinkmann, Maginnis and Pace
1880 John F. Kennedy Boulevard
14th Floor
Philadelphia, PA 19103
(*via* Court's electronic filing system)

                                        /s/ Shelby J. Kelley
                                        Shelby J. Kelley

DC/240241v1