THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| | ) Case No. 1:07-cv-01788 HHK |
| | ) Next Scheduled Event: Status Conference |
| v. | ) January 23, 2009  9:45 a.m. |
| | ) |
| EQUIPMENT CORPORATION OF AMERICA, ET AL., | ) ) ) |
| Defendants. | ) ) |
| EQUIPMENT CORPORATION OF AMERICA, | ) ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| SCHNABEL FOUNDATION COMPANY, INC. | ) ) ) |
| and | ) ) |
| BAUER MASCHINEN GMBH | ) ) |
| Third-Party Defendants. | ) ) ) |

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF BAUER MASCHINEN GMBH TO AMENDED COMPLAINT OF LIBERTY MUTUAL INSURANCE COMPANY a/s/o SCHNABEL FOUNDATION COMPANY, INC.**

Defendant and Third-Party Defendant, Bauer Maschinen GmbH ("Bauer"), by counsel, answers the Amended Complaint filed by Liberty Mutual Insurance Company ("Liberty Mutual") as subrogee of Schnabel Foundation Company ("Schnabel"), and states as follows:

-2-

**ANSWERS TO SPECIFIC ALLEGATIONS IN AMENDED COMPLAINT**

1. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Amended Complaint, and therefore denies them.

2. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Amended Complaint, and therefore denies them.

3. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Amended Complaint, and therefore denies them.

4. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Amended Complaint, and therefore denies them.

5. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the Amended Complaint, and therefore denies them.

6. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Amended Complaint, and therefore denies them.

7. Bauer admits the allegations in Paragraph 7 of the Amended Complaint.

8. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Amended Complaint, and therefore denies them.

9. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Amended Complaint, and therefore denies them.

10. Bauer admits that it manufactured the Bauer Drill Rig described in Paragraphs 8 and 10 of the Amended Complaint. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Amended Complaint, and therefore denies them.

11. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Amended Complaint, and therefore denies them.

12. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Amended Complaint, and therefore denies them.

13. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Amended Complaint, and therefore denies them.

14. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Amended Complaint, and therefore denies them.

15. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Amended Complaint, and therefore denies them.

16. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Amended Complaint, and therefore denies them.

17. The allegations in Paragraph 17 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Bauer denies them.

**Count I – Breach of Warranty**

18. Bauer reasserts and incorporates by reference its responses to the allegations in Paragraphs 1 through 17 of the Amended Complaint as if fully restated herein.

19. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint, and therefore denies them.

20. The allegations in Paragraph 20 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Bauer denies them.

21. The allegations in Paragraph 21 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Bauer denies them.

22. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 of the Amended Complaint, and therefore denies them.

23. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 of the Amended Complaint, and therefore denies them.

24. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of the Amended Complaint, and therefore denies them.

25. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 of the Amended Complaint, and therefore denies them.

26. Bauer denies the allegations in Paragraph 26 of the Amended Complaint. Bauer specifically denies any liability to any party based on the allegations in Count I of the Amended Complaint.

## Count II – Strict Product Liability

27.     Bauer reasserts and incorporates by reference its responses to the allegations in Paragraphs 1 through 26 of the Amended Complaint as if fully restated herein.

28.     Bauer denies the allegation that Pileco was the lessor or seller of the Drill Rig. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Amended Complaint, and therefore denies them.

29.     Bauer denies the allegation that Pileco placed the Drill Rig into the stream of commerce. Bauer does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Amended Complaint, and therefore denies them.

30.     Bauer does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Amended Complaint, and therefore denies them.

31.     Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 of the Amended Complaint, and therefore denies them.

32.     Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 of the Amended Complaint, and therefore denies them.

33.     Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 of the Amended Complaint, and therefore denies them.

34.     Bauer does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 of the Amended Complaint, and therefore denies them.

35.     Bauer denies the allegations in Paragraph 35 of the Amended Complaint. Bauer specifically denies any liability to any party based on the allegations in Count II of the Amended Complaint.

### Count III – Strict Product Liability

36.     Bauer reasserts and incorporates by reference its responses to the allegations in Paragraphs 1 through 35 of the Amended Complaint as if fully restated herein.

37.     Bauer admits the allegations in Paragraph 37 of the Amended Complaint.

38.     The allegations in Paragraph 38 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Bauer denies them. Bauer specifically incorporates by reference, in its entirety, its Answer and Affirmative Defenses to the Third-Party Complaint filed by Third-Party Plaintiff, Equipment Corporation of America.

39.     The allegations in Paragraph 39 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Bauer denies them.

40.     Bauer denies the allegations in Paragraph 40 of the Amended Complaint. Bauer specifically denies any liability to any party based on the allegations in Count III of the Amended Complaint.

41.     Bauer denies each and every allegation in the Amended Complaint not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Some or all Plaintiff's claims are barred by Schnabel's negligence.

## THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by Schnabel's failure to properly protect and/or operate the Drill Rig.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by Plaintiff or Schnabel's failure to mitigate the alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

The Drill Rig did not include a defect in the design of the product, or any other defect, which made the product unreasonably dangerous.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages were neither a direct result nor a reasonably probable consequence of a defect or unfitness of the Drill Rig.

## SEVENTH AFFIRMATIVE DEFENSE

The Drill Rig's alleged defects did not proximately cause the alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by Schnabel's assumption of the risk.

## NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims or damages are barred by Schnabel's contributory negligence.

## TENTH AFFIRMATIVE DEFENSE

The Drill Rig's alleged defects were caused in whole or in part by Schnabel's modification of the Drill Rig or by modification of the Drill Rig by parties other than Bauer.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred due to Equipment Corporation's failure to provide sufficient service for the Drill Rig as required by Paragraph 7.3 of the Agency Agreement.

## TWELFTH AFFIRMATIVE DEFENSE

The theories of implied warranty of merchantability and strict liability constitute only one tort.

## THIRTEENTH AFFIRMATIVE DEFENSE

Bauer reserves the right to amend its Answer and assert additional affirmative defenses as the claims of the Plaintiff are more fully disclosed in the course of discovery in this litigation.

WHEREFORE, Defendant and Third-Party Defendant Bauer Maschinen GmbH demands judgment dismissing the Amended Complaint in its entirety, and such other relief the Court finds just and proper.

Respectfully submitted,

__/s/ Shelby J. Kelley_____
Shelby J. Kelley
DC Bar No. 464248
Bracewell & Giuliani LLP
2000 K Street, N.W., Suite 500
Washington, DC 20006
(202) 828-5859
(202) 857-2117 (fax)
shelby.kelley@bgllp.com

John H. Barr, Jr., *to be admitted pro hac vice*
Texas Bar No. 00783605
Bracewell & Giuliani LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002
(713) 221-1454
(713) 222-3206 (fax)
john.barr@bgllp.com

Dated: April 23, 2008        *Counsel for Bauer Maschinen GmbH*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of Bauer Maschinen GmbH's Answer and Affirmative Defenses to the Amended Complaint was served via the Court's electronic filing system or sent via First Class U.S. mail, as indicated, on the 23rd of April, 2008 to the following:

Dan Karp
Sandra D. Lee
Karpinski, Colaresi & Karp
120 E. Baltimore St., Suite 1850
Baltimore, MD 21202
(*via* Court's electronic filing system)

Mathew W. Carlson
Thompson O'Donnell, LLP
1212 New York Avenue, N.W.
Suite 1000
Washington, DC 20005
(*via* Court's electronic filing system)

Samuel J. Pace, Jr.
Dugan, Brinkmann, Maginnis and Pace
1880 John F. Kennedy Boulevard
14th Floor
Philadelphia, PA 19103
(*via* Court's electronic filing system)

                                                /s/ Shelby J. Kelley
                                                Shelby J. Kelley

DC/240232v1