IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, as subrogee of SCHNABEL FOUNDATION COMPANY, INC. | * | |
| | * | Case No: I:07-cv-01788 HEK |
| | * | Next Event: Status Conference |
| Plaintiff | * | |
| v. | | Judge Henry H. Kennedy, Jr. |
| | * | |
| EQUIPMENT CORPORATION OF AMERICA, et al. | * | |
| Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### ANSWER OF EQUIPMENT CORPORATION OF AMERICA TO AMENDED COMPLAINT PRESENTING DEFENSES

Equipment Corporation of America, one of the Defendants and Third Party Plantiff, by KARPINSKI, COLARESI & KARP, DANIEL KARP and SANDRA D. LEE, its attorneys, responds to the Amended Complaint and states as follows:

### RULE 12 DEFENSES

1.   This Honorable Court lacks jurisdiction over all or some of the claims presented.

2.   The Amended Complaint fails to state a claim upon which relief may be granted.

### ANSWER

3.   Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 1.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

8. Defendant admits the allegations contained in Paragraph 6.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

10. Defendant admits the allegations contained in Paragraph 8.

11. Defendant denies the allegations contained in Paragraph 9.

12. Defendant denies the allegations contained in Paragraph 10.

13. Defendant denies the allegations contained in Paragraph 11.

14. Defendant denies the allegations contained in Paragraph 12.

15. Defendant denies the allegations contained in Paragraph 13.

16. Defendant denies the allegations contained in Paragraph 14.

17. Defendant denies the allegations contained in Paragraph 15.

18. Defendant denies the allegations contained in Paragraph 16.

19. Defendant denies the allegations contained in Paragraph 17.

20. In response to Paragraph 18, Defendant adopts and incorporates by reference its responses to Paragraphs 1 through 17 of the Amended Complaint.

21. Defendant denies the allegations contained in Paragraph 19.

22. Defendant denies the allegations contained in Paragraph 20.

23. Defendant denies the allegations contained in Paragraph 21.

24. Defendant denies the allegations contained in Paragraph 22.

25. Defendant denies the allegations contained in Paragraph 23.

26. Defendant denies the allegations contained in Paragraph 24.

27. Defendant denies the allegations contained in Paragraph 25.

28. Defendant denies the allegations contained in Paragraph 26.

29. In response to Paragraph 27, Defendant adopts and incorporates by reference its responses to Paragraphs 1 through 26 of the Amended Complaint.

30. Defendant denies the allegations contained in Paragraph 28.

31. Defendant denies the allegations contained in Paragraph 29.

32. Defendant denies the allegations contained in Paragraph 30.

33. Defendant denies the allegations contained in Paragraph 31.

34. Defendant denies the allegations contained in Paragraph 32.

35. Defendant denies the allegations contained in Paragraph 33.

36. Defendant denies the allegations contained in Paragraph 34.

37. Defendant denies the allegations contained in Paragraph 35.

38. In response to Paragraph 36, Defendant adopts and incorporates by reference its responses to Paragraphs 1 through 35 of the Amended Complaint.

39. Defendant admits the allegations contained in Paragraph 37.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the legal allegations contained in Paragraph 38.

41. Defendant admits the allegations contained in Paragraph 39.

42. Defendant denies the allegations contained in Paragraph 40.

## AFFIRMATIVE DEFENSES

43. Plaintiff and its subrogor assumed the risk.

44. Plaintiff and its subrogor were contributorily negligent.

45. Plaintiff and its subrogor waived their claims.

46. Plaintiff and its subrogor are estopped from asserting the claims alleged.

47. Plaintiff and its subrogor are required to indemnify and defend Defendant Equipment Corporation of America.

WHEREFORE, Equipment Corporation of America demands judgment against Liberty Mutual Insurance Company for any and all damages which may be assessed against Equipment Corporation of America and in favor of any other party or future party, together with an additional amount sufficient to pay all costs and expenses (including litigation expenses) incurred by or on behalf of Equipment Corporation of America in connection with this case.

                              KARPINSKI, COLARESI & KARP

BY:     /s/                            
          DANIEL KARP, #424246

                    /s/                          
SANDRA D. LEE, *pro haec vice*
120 E. Baltimore Street
Suite 1850
Baltimore, Maryland 21202
(410) 727-5000
Attorneys for Defendant and Third Party Plaintiff Equipment Corporation of America

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of April 2008, a copy of the foregoing Answer of Equipment Corporation of America to Amended Complaint Presenting Defenses was filed electronically with service to:

Matthew W. Carlson, Esquire
1212 New York Avenue, N.W.
Suite 1000
Washington, D.C. 20005

Samuel J. Pace, Jr., Esquire
Dugan Brinkmann Maginnis and Pace
1880 John F. Kennedy Blvd.
Suite 1400
Philadelphia, PA 19103
*Attorneys for Plaintiff and for Third Party Defendant Schnabel Foundation Company*

Shelby J. Kelley, Esquire
Bracewell & Giuliani, LLP
2000 K Street, N.W.
Suite 500
Washington, D.C. 20005

John H. Barr, Jr., Esquire
Bracewell & Giuliani, LLP
711 Louisiana Street
Suite 2300
Houston, TX 77002-2770
*Attorneys for Defendant Pileco, Inc. and for Defendant and Third Party Defendant Bauer Maschinen GmbH*

                                                     /s/
                                       Sandra D. Lee
                                       Of Counsel for Defendant Equipment Corporation of America